IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron James Ortega,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Zachary Wright and Douglas Kies,<br><br>　　　　　Defendants. | No.  CV-14-2173-PHX-PGR (DKD)<br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, SENIOR U.S. DISTRICT JUDGE:

　　　Defendants, under the guise of a Status Brief, have asked the Court to dismiss this case filed by Plaintiff Aaron James Ortega under Section 1983.  (Doc. 31)  Ortega did not respond and has not filed anything in this matter since.  As described below, the Court recommends that this case be dismissed.

　　　**Background.**  Ortega's First Amended Complaint seeks damages stemming from Defendants' conduct during his arrest; he does not seek injunctive relief or release from custody.  (Doc. 7)

　　　During discovery, Plaintiff moved to stay proceedings until the conclusion of his state court case.  (Doc. 28)  Defendants joined in his motion.  (Doc. 29)  The Court granted the motion and ordered Defendants to inform the Court at regular intervals about the status of Plaintiff's state court case.  (Doc. 30)

In their first such report, Defendants informed the Court that a jury in Maricopa County Superior Court found Ortega guilty of one count of aggravated assault for Defendant Zachary Wright and one count of resisting arrest. (Doc. 31, Ex. A) Defendants then asked the Court to

> *sua sponte* dismiss this case until such time as Plaintiff has shown that his conviction has been reversed on appeal, called into question by the issuance of writ of habeas corpus, or otherwise invalidated by a state tribunal authorized to make such determination. In the alternative, the Court should issue an order directing Plaintiff to show cause why the case should not be dismissed.

(Doc. 31 at 2). In support of this argument, but without any explanation or analysis, Defendants cite to 28 U.S.C. § 1915A and *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.*)

Presumably, Defendants cite to Section 1915A because it requires the Court to dismiss a case filed by a prisoner if the screening process determines that the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). And it appears that Defendants refer to *Heck* because the U.S. Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted; emphasis in original).

**Analysis.** Ortega is only seeking damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and, therefore, under U.S. Supreme Court case law, he must show that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, supra.  He has not done so. Accordingly, his claim "is not cognizable under § 1983," *id.*, and should be dismissed for failure to state a claim.  28 U.S.C. § 1915A(b)(1).

**IT IS RECOMMENDED** that Aaron James Ortega's First Amended Complaint should be dismissed for failure to state a claim.  (Doc. 7)

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 26th day of July, 2016.

_____
David K. Duncan
United States Magistrate Judge